

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

| | |
|---|---|
| YACHTS EAST, INC., A Florida Corporation | CASE NO: 00-6072-CIV-ZLOCH |
| Plaintiff<br>v. | MAGISTRATE: JUDGE SELTZER |
| *M/V Enterprises,* her engines, tackle, apparel and other appurtenances, *in rem*, and CO ENTERPRISE, LTD., and CHARLES OSBORN, *in personam*, | |
| Defendant                                    / | ANSWER, AFFIRMATIVE DEFENSES |
| CO ENTERPRISE, LTD., | AND COUNTERCLAIM |
| Counter-plaintiff,<br>v. | |
| YACHTS EAST, INC., A Florida Corporation | |
| Counter-defendant                            / | |

COME NOW the defendants, *M/V Enterprise,* ("M/V Enterprise") her engines, tackle, apparel and other appurtenances, *in rem*, and CO ENTERPRISE, LTD., ("Co Enterprise") and CHARLES OSBORN, ("Osborn"), *in personam*, (collectively "defendants") by and through their undersigned counsel, and for their answer, affirmative defenses and counterclaim to the complaint of Yachts East, Inc. ("Yachts East" or "plaintiff") aver as follows:

1.    Each allegation of the complaint of Yachts East, not specifically admitted is denied and strict proof thereof required.

2.    The allegations of paragraphs 1 and 2 of the complaint are admitted..

1

CASE NO: 00-6072-CIV-ZLOCH

3. The allegations of paragraph 3 of the complaint are denied, except that it is admitted that the M/V Enterprise is a 1996 70 foot Neptunus Motor Vessel hull identification number NEPT-700 1F096.

4. The allegations of paragraph 4 of the complaint are denied, except that it is admitted that Co Enterprise is a foreign corporation and was the owner of the M/V Enterprise in July, 1999, and other times relevant herein.

5. The allegations of paragraph 5 of the complaint are denied, except that it is admitted that Osborn is a U.S. citizen.

6. The allegations of paragraphs 6 and 7 of the complaint are denied, except that it is admitted that the defendants refused to pay an invoice for alleged repairs to the M/V Enterprise for the reasons more fully set out in the counterclaim herein. The defendants deny any liability to the plaintiff.

## AFFIRMATIVE DEFENSES

The defendants assert the following affirmative defenses, each of which constitutes a complete and separate defense.

7. The complaint fails to state a cause of action or other grounds upon which relief may be granted against the defendants.

8. The alleged repairs or work referred to on invoice #50475-7 or otherwise in the complaint was not authorized or approved by or on behalf of the defendants.

9. The work referred to on the invoice referred to in the complaint or otherwise, if it was done, was necessitated as a result of the errors and/or omissions of the plaintiff, which occurred while the M/V Enterprise was in the exclusive care custody and control of the plaintiff.

10. The plaintiff is estopped or otherwise barred from asserting the claim alleged in the complaint against the defendants because the work alleged to be referred to in the invoice alleged to be attached to the complaint was caused solely as a result of the negligence or other fault of the plaintiff.

11. In the alternative, if defendants have liability to the plaintiff, which is continuously denied, the plaintiff failed to mitigate damages arising from the alleged July 7, 1999 accident, and the defendants are entitled to a set off for the amount of additional repairs and refurbishment required as a result of this alleged accident.

12. The defendants specifically move to dismiss the claim for attorney's fees alleged in the complaint as not sustainable as a matter of law.

WHEREFORE, after due proceedings are had herein, the defendants pray that the plaintiff's complaint be dismissed with prejudice and at its costs. The defendants pray for such further and other general relief as this court may be competent to grant and as justice, equity and admiralty may permit.

## COUNTERCLAIM

COME NOW the counter-plaintiff/defendant, CO ENTERPRISE, LTD., ("Enterprise"), by and through its undersigned counsel and sues Yachts East, Inc. ("Yachts East") averring as follows:

1. This is a cause of action within the admiralty and maritime jurisdiction of this Court within the meaning of the Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

CASE NO: 00-6072-CIV-ZLOCH

2. At all times material, the counter-defendant/plaintiff, Yachts East, was a Florida corporation with its principal place of business located at 2955 State Road 84, Ft. Lauderdale, Florida .

3. At all timers material herein, Enterprise was a foreign corporation and owner of the M/V Enterprise, 1996 70 foot Neptunus Motor Vessel haul identification number NEPT-700 1F096.

4. Between June and September of 1999, the M/V Enterprise (the vessel) was in the exclusive care custody and control of Yachts East.

5. While the M/V Enterprise was in the exclusive care custody and control of Yachts East during the time referred to above, it was damaged as a result of the negligence or other fault of Yachts East on at least two occasions. First the vessel was dropped while ashore. Second, while the vessel was being operated without the knowledge or consent of its owner it was backed into something.

6. Following each of these events Yachts East contacted Enterprise, through its representative, Charles Osborn, and admitted that as a result of its error or omission, that the M/V Enterprise had been damaged.

7. If repairs were made to the M/V Enterprise by Yachts East, they were made without the knowledge or consent of the M/V Enterprise's owner, and were made in a negligent, careless and/or un-workmanlike manner, which require substantial additional repairs, which are currently estimated to exceed $20,000.00 plus interest and costs.

8. While the M/V Enterprise was in the possession of Yachts East, two spare propellers were delivered to Yachts East to be put aboard the M/V Enterprise. However, when the M/V Enterprise was returned to Enterprise these propellers were not aboard the

4

CASE NO: 00-6072-CIV-ZLOCH

vessel, and it seeks recovery of the value of these propellers, currently estimated to be approximately $30,000.00.

WHEREFORE, after due proceedings are had herein, Enterprise prays that judgment be entered against Yachts East for the full amount of the damages sustained by Enterprise as a result of the negligence or other fault of the counter-defendant/plaintiff. Further after due proceedings are had herein, Enterprise prays that for such other further and general relief as this court, equity and admiralty may be competent to grant.

Respectfully submitted,

CHRISTIAN D. KEEDY, ESQ.
ARAN, CORREA & GUARCH, P.A.
Counsel for Defendants
710 South Dixie Highway
Coral Gable, Florida 33146
Telephone: (305) 665-3400 Facsimile: (305) 665-2250

By: _____
Christian D. Keedy, P.A.
Fla. Bar No. 151619

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed to the parties listed below on this February 25, 2000.

_____
Christian D. Keedy, P.A.

5

CASE NO: 00-6072-CIV-ZLOCH

*Counsel for Plaintiff*
James W. Stroup, Esq.
James W. Stroup, P.A.
119 SE 12th Street
Ft Lauderdale, Fl 33316
Tel: 1-954-462-8808  Fax: 1-954-462-0278